SAMUEL W. CREECH, JR. *vs.* JOHN M. BYRON.

Suffolk.    March 12. — June 26, 1874.    COLT & ENDICOTT, JJ., absent.

In an action on a note by an indorsee, who took it after maturity, parol evidence is admissible in defence to show that after the giving of the note the parties thereto orally agreed that a bill of sale, under seal, and purporting to be an absolute conveyance of personal property made to the payee by the maker contemporaneously with the note, should be considered as a mortgage and stand as a security for the note, and that the payee of the note sold the property and indorsed only a part of the proceeds upon the note, although the sale and indorsement were before the plaintiff took the note.

CONTRACT upon a promissory note, signed by the defendant, payable to Samuel Despeaux, and indorsed to the plaintiff.

At the trial in the Superior Court, before *Putnam*, J., without a jury, judgment was ordered for the plaintiff, and the defendant alleged exceptions in substance as follows :

The plaintiff produced the note, and the defendant admitted the execution of it and the indorsement to the plaintiff. The defence was that the payee of the note had security for it, to wit, a mortgage made to the payee by the defendant, of a horse, wagon and harness, which property the payee had sold, before the transfer of this note, and credit for which had not been given.

It was conceded that the plaintiff had taken the note after its maturity, and the court found that he took it in good faith, and for a valuable consideration.

The defendant then offered in evidence a conveyance under seal of the property referred to, signed by himself and purporting to be an absolute bill of sale of the same to the said payee, and offered evidence tending to show that it was given at the time the note was made ; and offered to show, that subsequently to its execution and delivery, the parties orally agreed that it should be treated only as a pledge or mortgage, and that the property should be held as collateral to the note ; that the note not being paid at maturity, the payee took possession of the property and

sold it without foreclosure, first notifying the defendant of his in
tention to sell, and indorsed only part of the proceeds of the sale
upon the note. It was admitted that this sale and indorsement
were made before the plaintiff took the note.

The court ruled that the evidence offered by the defendant was
not admissible. The defendant excepted to this ruling.

*G. W. Park & G. F. Piper*, for the defendant.

*B. E. Perry & S. W. Creech, Jr.*, for the plaintiff.

DEVENS, J. The evidence offered by the defendant was com-
petent. By it he did not seek to invalidate the title conveyed by
the absolute bill of sale, which was the case in *Harper* v. *Ross*,
10 Allen, 332; but on the contrary, recognized the validity of
the instrument and insisted that the proceeds of the resale of the
property transferred thereby were by agreement made subse-
quently to the execution thereof to be applied upon the note in
suit. An absolute bill of sale of certain personal property was
made by the defendant to the payee at the time he signed this
note, and no consideration therefor appears other than that which
may be inferred from the fact that these two acts were contem-
poraneous; and it was competent to show in an action upon the
note that it was agreed subsequently that this property should be
held for the payment of the note, and that, in pursuance of it,
the payee sold the property and assumed to apply the proceeds
upon it. This was simply evidence of the consideration for the
bill of sale and of the mode in which that consideration was to
be paid, and even if the agreement that the property or its pro-
ceeds should be held for the payment of the note was made sub-
sequently to the execution of the bill of sale, so long as the con-
sideration for that remained unpaid, the parties were entitled to
make it. If acting under it the payee of the note sold the prop-
erty and assumed to apply the proceeds thereon, the defendant is
entitled to show if he can that he failed to apply the whole pro-
ceeds, and what was the amount actually received by him in
defence to an action brought by the present plaintiff who was a
purchaser after the time of this agreement and sale, and after the
maturity of the note.

The evidence offered did not tend to alter or vary the legal
effect of the instrument, so far as it transferred the property either
as between the parties to it or those claiming derivatively under

it, but tended to show the real character of the entire transaction as bearing upon the question whether or how far the note could properly be enforced by a third person, who took it subject to all such defences as might have been made against it, if it had remained the property of the payee. *Howard* v. *Odell*, 1 Allen, 85. It should therefore have been admitted.

*Exceptions sustained.*